Mark F. Anderson (SBN 44787)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
mark@kaboblaw.com

Attorneys for Plaintiff Victor M. Hernandez II

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR M. HERNANDEZ II,

    Plaintiff,

v.

RICKENBACKER GROUP, INC., a California corporation dba Rickenbacker Collection Services, EXPERIAN INFORMATION SOLUTIONS, INC, a Ohio corporation;

    Defendants.

Case No. CV 09 3970

COMPLAINT

(Fair Credit Reporting Act 15 USC § 1681 *et seq.*, Fair Debt Collection Practices Act, 15 USC § 1692 et seq., and related state law claims; related state law claims]

DEMAND FOR JURY TRIAL

## Jurisdiction and Venue

1. This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* (FCRA). The court has jurisdiction pursuant to 15 USC §1681p.

2. Plaintiff brings claims against the defendant credit reporting agency Experian Information Solutions, Inc., an Ohio corporation, and defendant Rickenbacker Group, Inc. dba Rickenbacker Collection Services ("Rickenbacker"), a California corporation, based on violations of the Fair Credit Reporting Act.

*Hernandez v Rickenbacker, et al.*, ND Cal. case no.
Complaint and Jury Demand

1

3. Plaintiff also brings claims against Rickenbacker pursuant to the California Fair Debt Collections Act, California Civil Code § 1788 *et seq* and California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over these state law claims.

4. Venue is proper in this district. Defendant Rickenbacker has its principal place of business within this district.

### Statement of Facts

5. Defendant Rickenbacker is a collection agency that specializes in collecting unpaid tow bills.

6. Defendant Rickenbacker is one of Experian's subscribers. As such, it has access to its credit files (which include virtually the entire U.S. population) and has the ability to report alleged debts on individuals, which debts appear on its credit reports.

7. Beginning March 2006, Rickenbacker reported to Experian that plaintiff owed about $1,790 for a tow bill on a vehicle towed by U.S. Tow Service sometime prior to November 2005. This report is scheduled to remain on plaintiff's credit report until June 2014. The effect of the report was and is to drastically lower plaintiff's credit score and to make it difficult or impossible for him to get credit at all or at a reasonable interest rate.

8. After plaintiff noticed that defendant Rickenbacker had placed the tow bill report on his credit reports, plaintiff called Rickenbacker on repeated occasions explaining that he was not responsible for the tow bill. Plaintiff explained that he had owned the car in question, but he had sold it to Poppins Transmission, Signal Hill, CA in 1999. At the time of sale, he sent a notice of Release of Liability to the California DMV.

9. Rickenbacker's response to plaintiff's question, "How can I get this debt off my credit

*Hernandez v Rickenbacker, et al.*, ND Cal. case no.
Complaint and Jury Demand

2

report?" was "pay the bill." Rickenbacker's response was typical of its tactics in dealing with its persons who could prove they did not owe the tow bill. Instead, of dropping such meritless claims as it should, Rickenbacker's response is "pay the bill" or "how much can you pay?"

10. California Vehicle Code § 5602 states that a vehicle owner who has made a bona fide sale or transfer of a vehicle and delivered it to the purchaser or transferee is Code is no longer liable for parking, abandoning, or operation of the vehicle so long as the seller or transferor has either made proper endorsement and delivery of the certificate of ownership (pink slip) or has sent a notice of sale or transfer to DMV.

11. Accordingly, under the Vehicle Code and as dictated by common sense, plaintiff was not liable for the tow bill and was not under any obligation to take any additional steps to satisfy Rickenbacker.

12. Plaintiff notified Experian that the Rickenbacker report as inaccurate. As required by the FCRA, Experian was required to conduct a reasonable investigation as to whether the account should be on plaintiff's credit files. As part of the investigation, Experian contacted Rickenbacker about the dispute.

13. On August 11, 2009, Experian reported back to plaintiff that the account was to remain on his credit files.

14. Experian failed to conduct a reasonable reinvestigation of the Rickenbacker report after plaintiff disputed the debt.

15. Rickenbacker failed to fulfill its obligations under 15 USC § 1681s-2(b) to conduct a reasonable investigation of the dispute after it was notified by Experian that plaintiff disputed the account.

16. The Rickenbacker account information published by Experian lowered plaintiff's

*Hernandez v Rickenbacker, et al.*, ND Cal. case no.
Complaint and Jury Demand

3

credit score to the point he was turned down for credit on more than one occasion.

**The Parties**

17. Plaintiff Victor M. Hernandez II is a consumer as defined by 15 USC § 1681a(c).

18. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

19. Defendant Rickenbacker is a debt collector and furnisher of information to Experian with its principal place of business in Morgan Hill, CA.

**First Claim: Experian's Violations of the Fair Credit Reporting Act, 15 USC § 1681i**

20. Plaintiff incorporates by reference ¶¶ 1-19.

21. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A). The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

22. Within the two years preceding the filing of this complaint, plaintiff notified defendant

Experian of inaccuracies contained in its report on plaintiff and has asked it to reinvestigate and correct the inaccuracy.

23. Experian failed to conduct a proper reinvestigation of the items of information that plaintiff has disputed.

24. On information and belief, Experian failed to provide timely and complete notification to the furnisher of the disputed information.

25. On information and belief, Experian failed to review and consider all relevant information submitted by plaintiff.

26. Experian violated the provisions of 15 USC § 1681i in the respects alleged above and in other ways presently unknown to plaintiff. These violations by defendants were negligent and willful.

27. As a result of the above-described violations of § 1681i, plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

28. Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2) against Experian.

29. Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Second Claim: Violations by Rickenbacker of the Fair Credit Reporting Act, 15 USC § 1681s-2(b)**

30. Plaintiff incorporates by reference ¶¶ 1—29.

31. The FCRA requires a furnisher, after receiving notice from a credit reporting agency such as Experian that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all

relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

32. Within the last two years, the defendant Rickenbacker has furnished inaccurate information about plaintiff to Experian.

33. Within the past two years, plaintiff has notified the Rickenbacker that he disputes the inaccurate information reported by it.

34. Experian notified Rickenbacker that plaintiff has disputed the information it has furnished concerning plaintiff.

35. Plaintiff is informed and believes that Experian provided Rickenbacker with the relevant information plaintiff provided to Experian, as required by 15 USC § 1681i(a)(2).

36. Rickenbacker negligently and willfully violated 15 USC § 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information, by failing to report the results to Experian, by failing to modify, delete or permanently block the reporting of the inaccurate information about plaintiff, and by failing to report to Experian that the account was disputed by plaintiff Gomes.

37. As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

38. Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2).

39. Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

*Hernandez v Rickenbacker, et al.*, ND Cal. case no.
Complaint and Jury Demand

6

54. Based on Rickenbacker's violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded her by § 1785.31, including actual damages, loss of wages, attorney's fees, pain and suffering, punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

On the First and Second claims, for violations of the Fair Credit Reporting Act:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
4. Costs of the action together with reasonable attorneys fees as determined by the court.

On the Third Claim against Rickenbacker for violations of the Fair Debt Collection Practices Act:

1. A declaratory judgment that said defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages pursuant to 15 USC § 1692k;
4. Costs and reasonable attorney's fees pursuant to 15 USC § 1692k;

On the Fourth Claim against Rickenbacker for violations of the California Civil Code:

1. Actual damages, including court costs, loss of wages, attorney's fees, and pain and suffering;
2. Punitive damages of $5,000;
3. Such other relief as the Court may deem proper.

Dated: August 21, 2009.    KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP

By /s/ Mark F Anderson

Hernandez v Rickenbacker, et al., ND Cal. case no.
Complaint and Jury Demand

8

1                             Mark F. Anderson
                        Attorney for Plaintiff Victor M. Hernandez II

3                         **DEMAND FOR JURY TRIAL**

4    Plaintiff demands a trial by jury on all issues.

5    Dated: August 21, 2009.     KEMNITZER, ANDERSON, BARRON,
                                         OGILVIE & BREWER LLP

8                            By /s/ Mark F Anderson
                               Mark F. Anderson
9                            Attorney for Plaintiff Victor M Hernandez II

28 *Hernandez v Rickenbacker, et al.*, ND Cal. case no.
Complaint and Jury Demand                                                                  9